## PATRICK O'BRIEN v. STATE.

No. A-6404. Opinion Filed March 16, 1929.
(275 Pac. 401.)

R. R. Rittenhouse and W. R. Withington, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Lincoln county on a charge of having the unlawful possession of intoxicating liquor, and his punishment fixed at a fine of $250 and imprisonment in the county jail for a term of 90 days.

The record discloses that at the time charged defendant conducted a near beer place in the town of Davenport, and had partitioned in the rear of it a sleeping room in which he lived alone.   Certain officers with a search warrant went to this place and made a search in the front part, but did not find anything.   Defendant was locked in the rear room, and the officers heard what they took to be water splashing, and as they were about to break into the room, defendant opened the door; that the floor was wet, and they could smell liquor from the floor; and they found a half pint of whisky in a hat hanging on the wall and some empty bottles.   One of the officers asked him how much he had poured out, and he answered a half gallon.   Defendant did not take the stand and offered no evidence.

The first complaint is that the search warrant was invalid as having been based upon an insufficient affidavit for search warrant.   The affidavit is not a model, but it sets out that the premises is a place frequented by the public and by persons known by affiant to be addicted to the use of intoxicating liquor; that persons reputed to be bootleggers and gamblers loitered around said place at all times of the day and night, and men were frequently seen around in an intoxicated condition; that liquors were kept therein by defendant to be sold, bartered, and given away.

The essential averments are made to procure a search warrant. Upon this point it is also insisted that the warrant was for a building on lots 8 and 9, and that defendant occupied only a part of it, and that therefore the search warrant was general. The affidavit and warrant refer to defendant by name, and direct the search of said premises; the right of search is limited as to him. It may be inferred, though it is not shown, that no one else occupied the premises or any part of them. While the quantity of whisky found is less than the amount required to raise the prima facie presumption that its possession was illegal, we think the circumstances shown, with the statement of defendant that he had poured out a half gallon, is sufficient to sustain the verdict and judgment.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.